IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SHARON MILES,                      *

    Plaintiff,                     *

vs.                                *
                              CASE NO. 4:25-CV-161 (CDL)

APTIM FEDERAL SERVICES,            *

    Defendant.                     *

 

O R D E R

Sharon Miles alleges that her employer, Aptim Federal Services, discriminated against her because of her race and age and retaliated against her for making complaints of discrimination. Miles, who is proceeding *pro se*, asserts race discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.;* age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.;* and retaliation claims under Title VII, § 1981, and the ADEA. Aptim filed a motion to dismiss, objecting to Miles's operative complaint as an impermissible shotgun pleading and citing authority that explains what shotgun pleadings are and why they are forbidden. In response, Miles filed a motion for leave to amend her complaint, then filed a substantially similar amended motion for leave to amend. Miles attached a proposed second amended

complaint to both the motion for leave to amend and the amended motion for leave to amend.

As discussed below, the motion to dismiss (ECF No. 10) is granted to the extent that the Court strikes Miles's amended complaint (ECF No. 9) as an impermissible shotgun pleading. The Court denies Miles's motion for leave to amend (ECF Nos. 12 & 15) because the proposed second amended complaint does not cure the defects in the amended complaint. Instead, the proposed second amended complaint, like the operative complaint, is a shotgun pleading which does not clearly set forth specific factual allegations that support the causes of action Miles seeks to assert. This action is dismissed without prejudice.

## DISCUSSION

The rules for pleading in federal court apply to all litigants in federal court, including *pro se* plaintiffs like Miles. Federal Rule of Civil Procedure 8(a)(2) states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, if it "would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The point of these rules is to require a "pleader to present [her] claims discretely and succinctly, so that[] [her] adversary can discern what [she] is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (second alteration in original) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The rules also exist so that the Court can determine "which facts support which claims" and "whether the plaintiff has stated any claims upon which relief can be granted." *Id.* (quoting *Weiland*, 792 F.3d at 1320).

The Court may strike a complaint as a shotgun pleading if it violates Rule 8(a)(2) or Rule 10(b). *Id.* A complaint is a shotgun pleading that fails to satisfy these rules if "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of [her] causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). There are several types of shotgun pleading, including a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" and a complaint that "is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

3

of action.'"   *Barmapov*, 986 F.3d at 1324-25 (quoting *Weiland*, 792 F.3d at 1322-23).

Here, Miles's amended complaint is a shotgun pleading because each count adopts all the amended complaint's preceding allegations and fails to identify which specific factual allegations Miles intends to support each cause of action. Miles's proposed second amended complaint does not fix the problem.  In her proposed second amended complaint, which Miles submitted in response to the motion to dismiss her complaint on shotgun pleading grounds, Miles listed specific paragraph numbers in each count instead of stating that she incorporated all previous paragraphs, but the specific paragraph numbers she listed effectively incorporated all prior paragraphs.  *See* Proposed Am. Compl. ¶ 40 (incorporating "paragraphs 1 through 10, 11-38" into Count One), ECF No. 15-1; Proposed Am. Compl. ¶¶ 42, 44, 46, 48 (incorporating, among other paragraphs, paragraph 40, which incorporates paragraphs 1-38).  It is still not clear which specific factual allegations Miles intends to support each cause of action.

The amended complaint is also a shotgun pleading because it is full of vague and conclusory allegations that do not contain any specific factual content that would support Miles's claims. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint "must contain sufficient factual matter, accepted as

4

true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The proposed second amended complaint does not cure these defects.  Although a plaintiff asserting employment discrimination claims is certainly not required to allege a *McDonnell Douglas* prima facie case at the pleading stage, *see Ismael v. Roundtree*, 161 F.4th 752, 760 (11th Cir. 2025), she must provide enough factual material to raise a reasonable inference that her employer engaged in intentional discrimination or retaliation.  Thus, for a discrimination claim, a plaintiff must allege enough facts to create a reasonable inference that her employer subjected her to an adverse employment action because she belonged to a protected class.  For a retaliation claim, a plaintiff must allege enough facts to create a reasonable inference that she engaged in activity protected under an employment discrimination statute and that her employer subjected her to a materially adverse employment action because of that protected activity.  Here, Miles's disorganized and disjointed amended complaint (and her proposed second amended complaint) is long on vague, conclusory allegations but short on specific factual allegations about what adverse employment actions she allegedly suffered, what complaints she made about alleged discrimination, and how others were treated more favorably than she was.

5

For all these reasons, the Court grants Aptim's motion to dismiss (ECF No. 10) to the extent that the Court strikes Miles's amended complaint as an impermissible shotgun pleading. Because the proposed second amended complaint does not cure the defects, the Court denies Miles's motion for leave to amend (ECF Nos. 12 & 15).  This action is dismissed without prejudice.

IT IS SO ORDERED, this 14th day of April, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA